IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEN THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 13-1040-CM |
| CITY OF WICHITA, KANSAS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### MEMORANDUM AND ORDER

Defendants City of Wichita, Kansas ("City of Wichita"); Colin Gallagher; Chris Dugan; and Joseph Evans seek partial summary judgment (Doc. 70) as to plaintiff Ken Thomas's claims against them in Counts II (Fourth Amendment false arrest); III (malicious prosecution); IV (negligent use of force); VI (intentional infliction of emotional distress); and VIII (state law false arrest).  The pretrial order indicates that plaintiff voluntarily dismissed Count V (negligent infliction of emotional distress), and defendants note they do not move for summary judgment on Counts I (Fourth Amendment excessive force) and VII (battery).  Further, the parties agreed to the dismissal without prejudice of Counts I, II, and VIII as to defendant City of Wichita to the extent they contain any civil rights violations.  (*See* Doc. 11.)

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

After reviewing the evidence, the court grants defendants' motion for partial summary judgment only as to plaintiff's claim for intentional infliction of emotional distress in Count VI. Plaintiff has failed to meet the second threshold requirement that plaintiff's "emotional distress is sufficiently severe, genuine and extreme that no reasonable person should be expected to endure it." *See Taiwo v. Vu*, 822 P.2d 1024, 1030 (Kan. 1991) (quoting *Roberts v. Saylor*, 637 P.2d 1175, 1179 (Kan. 1981)). Plaintiff does not put forth any evidence other than his own deposition testimony as to the severe emotional distress he has endured. *See Crow v. United States*, 659 F. Supp. 556, 577 (D. Kan. 1987) ("While the court can certainly conceive that a person falsely charged with a crime and forced to stand trial might suffer extreme distress, trauma and humiliation, there is simply no evidence of it occurring here."); *Allin v. Schuchmann*, 886 F. Supp. 793, 800 (D. Kan. 1995) (finding the plaintiff's submission of an affidavit alleging she suffered extreme distress was not enough to overcome the summary judgment motion). The court disagrees that "the enormity of the outrage created by [defendants'] conduct is sufficient to satisfy the second threshold requirement," as the facts here do not rise to the level of outrage present in *Taiwo*. *See* 822 P.2d at 1031.

The court denies defendants' motion as to all remaining claims. Genuine issues of fact remain at least as to the following issues: (1) the circumstances surrounding plaintiff's arrest; (2) what level of force was used against plaintiff; and (3) whether defendants Dugan and Evans lied under oath about facts that the court deems material during plaintiff's municipal criminal trial in order to obtain a conviction against plaintiff. Accordingly, the court determines that summary judgment is not warranted on the remaining claims.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Partial Summary Judgment (Doc. 70) is granted as to Count VI and denied as to Counts II, III, IV, and VIII.

Dated this 9th day of July, 2014, at Kansas City, Kansas.

          s/ Carlos Murguia
          **CARLOS MURGUIA**
          **United States District Judge**