IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEN THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )  Case No. 13-1040-CM |
| CITY OF WICHITA, KANSAS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

# MEMORANDUM AND ORDER

This matter is before the court on defendants' motion to exclude the testimony of plaintiff's designated expert Edward "Tad" Leach (Doc. 81). Defendants do not challenge Leach's qualifications as an expert. Instead, defendants argue that Leach's opinion should be excluded because it addresses an ultimate issue of law and will not be helpful to the jury, is based on inappropriate standards, and amounts to a credibility assessment. Defendants further argue that Leach should be restricted to his report.

## I.     Factual Background

Plaintiff's claims arise out of an altercation between plaintiff and several defendants at the scene of a fire at an industrial building complex that was owned by plaintiff's family and contained several family businesses. The facts are heavily disputed, but plaintiff alleges that he was unlawfully beaten and arrested when he attempted to speak with the fire chief about the fire. Plaintiff suffered injuries from the beating and was charged with four misdemeanors, one of which was dismissed. Plaintiff was convicted on the three remaining charges, but he appealed and was subsequently acquitted. In addition to other claims, plaintiff alleges that defendants used excessive force in

-1-

violation of the Fourth Amendment, or at the very least, used negligent force in violation of Kansas law.

**II.      Legal Standard**

The court serves a "gatekeeping" function in determining the admissibility of expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).  In deciding whether to admit or exclude expert testimony, the court has broad discretion.  *Kieffer v. Weston Land, Inc.*, 90 F.3d 1496, 1499 (10th Cir. 1996).  Under Federal Rule of Evidence 702, a witness whose knowledge, skill, experience, training, or education qualifies him or her as an expert may testify "if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."  This is true if (1) "the testimony is based on sufficient facts or data"; (2) "the testimony is the product of reliable principles and methods"; and (3) "the expert has reliably applied the principles and methods to the facts of the case."  Fed. R. Evid. 702.

To be admissible, an expert's opinion must have a reliable foundation and be relevant. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993).  *Daubert* delineates four factors for consideration by the trial court when assessing reliability under Rule 702: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has undergone peer review and publication; (3) the known or potential rate of error; and (4) general acceptance of the theory or technique by the scientific community.  509 U.S. at 593–94.  However, "this list is neither definitive nor exhaustive."  *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 (10th Cir. 2005). To assess relevancy, the court must determine whether the testimony "will help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  In addition, the court should consider whether the testimony is "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute."  *Daubert*, 509 U.S. at 591 (citation and quotation marks omitted).

**III.    Discussion**

Federal excessive force claims are governed by the Fourth Amendment's "objective reasonableness" standard.  *Graham v. Connor*, 490 U.S. 386, 388 (1989).  "Relevant evidence is that which has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'"  *Tanberg v. Sholtis*, 401 F.3d 1151, 1163 (10th Cir. 2005) (quoting Fed. R. Evid. 401).

Courts often admit expert testimony regarding police procedures in excessive force cases.  The Tenth Circuit has stated that "[c]ourts generally allow experts in this area to state an opinion on whether the conduct at issue fell below accepted standards in the field of law enforcement."  *Zuchel v. City & Cnty. of Denver*, 997 F.2d 730, 742 (10th Cir. 1993) (collecting cases).  As Judge Robinson stated in *Ornelas v. Lovewell*, "[t]here is a distinction . . . between an expert testifying about whether the degree of force used was unreasonable and excessive, and whether the degree of force used was in compliance with well-established police standards."  No. 11-2261-JAR-KMH, 2013 WL 3271016, at *6 (D. Kan. June 27, 2013).  The latter is permissible; the former is not.  *See id.* at *6–7.

Here, Leach is clearly opining as to whether the degree of force used was unreasonable and excessive—the headings for his opinions as to defendants Dugan and Gallagher both state that these defendants "utilized unnecessary and excessive force" against plaintiff.  (Doc. 82-2 at 2.)  Like the court in *Ornelas*, the court determines that Leach's testimony goes to the ultimate issue in this case— "whether [defendants'] use of force was excessive or unreasonable."  *See* 2013 WL 3271016, at *7.

Leach states in his report that these defendants violated certain provisions of the Wichita Police Department ("WPD") and International Association of Chiefs of Police ("IACP") policies.  The WPD Regulation 4.0 – Weapons/Use of Force Requirements section 4.131 Unnecessary/Excessive Force states that officers should use "[o]nly such force as is <u>objectively reasonable</u>, based on the totality of

-3-

the circumstances, to effectively bring an incident under control, in making a lawful arrest . . . ." (Doc. 85-10 at 4 (emphasis added).)  Similarly, the ICAP Model Policy for "Use of Force": Section IV. Procedures, Sub-section C. Use of Nondeadly Force states that "[w]here deadly force is not authorized, officers may use only that level of force that is <u>objectively reasonable</u> to bring an incident under control."  (Doc. 82-2 at 2 (emphasis added).)  But Leach does not propose to offer testimony regarding general standards and or training requirements.  He merely concludes that the defendants' actions violated these policies.

Like the standard operating procedures ("SOPs") in *Tanberg*, the above-quoted policies cited by Leach in his report merely "duplicate[ ] the federal . . . standard[ ] for excessive force and make it less likely that evidence of the [policies] would be relevant."  *See* 401 F.3d at 1163.  The court agrees with the analysis in *Tanberg*: "That an arrest violated police department procedures does not make it more or less likely that the arrest implicates the Fourth Amendment, and evidence of the violation is therefore irrelevant."  *See id.* at 1163–64.  The *Tanberg* court's additional policy reason for excluding the SOPs also holds true here—treating administrative standards as evidence of a constitutional violation might deter police departments from adopting progressive standards, as many police departments "use administrative measures such as reprimands, salary adjustments, and promotions to encourage a high standard of public service, in excess of the federal constitutional minima."  *Id.* at 1164.

Further, under Federal Rule of Evidence 403, the court finds that the probative value of Leach's opinion that defendants' use of force violated the policies is substantially outweighed by the likelihood that this opinion will confuse or mislead the jury.  The jury may improperly believe that a violation of the policies necessarily equates to a constitutional violation.  The policies, as noted above,

duplicate the constitutional standard and are marginally probative, and the court does not want the jury to confuse legal and administrative standards.  *See id.*

Plaintiff argues that, even if the court determines the policies are irrelevant to his Fourth Amendment excessive force claim, the policies are relevant to his negligence claim.  Defendants did not respond to this argument.  The court agrees that the WPD and IACP policies are relevant to determine whether defendants acted negligently in the amount of force they used against plaintiff.  Accordingly, the court will admit Leach's testimony as to the amount of force used and whether defendants complied with the policies, but only as it pertains to plaintiff's negligence claims.  The court can give a limiting instruction to this effect.  Leach's testimony should be limited to the opinions stated in his report.

For these reasons, defendants' motion is granted in part and denied in part.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Exclude Expert Testimony (Doc. 81) is granted in part and denied in part consistent with the court's opinion.

Dated this 18th day of July, 2014, at Kansas City, Kansas.

> s/Carlos Murguia
> **CARLOS MURGUIA**
> United States District Judge