IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas

MAR 16 2015

Clerk, U.S. District Court
By cm Deputy Clerk

KEN THOMAS,

Plaintiff,

v.

Case No. 13-1040-EFM

CITY OF WICHITA, *et al.*,

Defendant.

---

JURY INSTRUCTIONS

INSTRUCTION NO. 1

The time has now come for me to explain to you the law that will govern your jury deliberations.

You are duty bound to follow the law as I explain it to you in the instructions that I am about to give you. You as jurors are the sole judges of the facts. This means that you must take the law as I explain it to you and apply the law to the facts revealed by the evidence.

Do not single out any one instruction alone as stating the law. Rather, consider my instructions in their entirety.

Also, do not concern yourselves with the wisdom of the law. Despite any opinion you may have about what the law should be, you would violate your sworn duty if you were to base your verdict upon any view of the law other than that given to you in these instructions.

INSTRUCTION NO. 2

This instruction sets forth Plaintiff, Ken Thomas, claims against the Defendants, City of Wichita, Colin Gallagher, Chris Dugan, and Joseph Evans, as well as the Defendants' denial of Plaintiff's claims and certain defenses asserted by the Defendants. These claims, the Defendants' denial of these claims, and the Defendants' asserted defenses, described below, are not evidence and you should not consider them as evidence. They simply explain the nature of the parties' dispute.

Plaintiff Ken Thomas, a local business man, states that when his family's business caught on fire, he tried to warn the Wichita Fire Department Chief about dangerous gas, ammonia, and electrical lines in the building.

Plaintiff claims damages alleged to have been sustained as a result of a deprivation, under color of state law, of a right secured to Plaintiff by the Fourth Amendment to the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States. Specifically, Plaintiff alleges that Defendants subjected Plaintiff to excessive use of force during the course of an arrest, and claims he was damaged by Defendants' actions in using excessive force during his arrest.

Plaintiff also asserts a claim under Kansas law that Defendants negligently used unreasonable force during his arrest.

This case originally presented other claims, such as claims for false arrest or malicious prosecution, but those claims are no longer in this case and you should not consider them nor any evidence relating solely to those claims.

Defendants deny that any of their actions violated Plaintiff's Constitutional rights and allege that they used only reasonable force to overcome resistance of Plaintiff to arrest.

Defendants also deny Plaintiff's state law claim of negligence and affirmatively claim that the force used to arrest Plaintiff was caused by Plaintiff's own fault in interfering with firefighters, refusing to obey lawful police orders, assaulting and battering the officers, and resisting arrest.

Defendants deny that Plaintiff was damaged as claimed.

The parties agree that the Defendants were acting under color of state law as law enforcement officers for the City of Wichita. As such, you should consider that fact proven.

These are merely the contentions and denials of the parties. They are not evidence.

INSTRUCTION NO. 3

Both Plaintiff and Defendants have the burden of proof on their respective claims to prove their claims by a preponderance of the evidence. "Burden of proof" means burden of persuasion.

A party who must prove something by a preponderance of the evidence must persuade you that its claims are more probably true than not true. To prove that something is more probably true than not true does not necessarily mean by the greater number of witnesses, or the length of the presentation of testimony, but rather by the greater weight of the evidence, taken together – that is, that evidence upon any question or issue which convinces you most strongly of its truthfulness. If the evidence on an issue is equally balanced, then the party having the burden to establish that issue must fail.

In determining whether a party has met either burden of proof you will consider all the evidence, regardless of which party produced the evidence.

INSTRUCTION NO. 4

You may consider as evidence everything that was admitted during trial such as witness testimony (in person or by deposition), an article or document marked as an exhibit, or any other matter admitted into evidence such as an admission, agreement, or stipulation. You must entirely disregard any evidence with respect to which I sustained an objection or which I ordered stricken.

You may consider only the evidence offered in this courtroom, and these instructions I am giving you. You should not rely on any other facts or authority. Specifically, you should not do any computer research on your own about any matters relating to this case, you should not look up words in a dictionary for definitions different or beyond what I give you here, and you should not consult any other similar sources.

You are to consider only the evidence admitted in this case, but you are not limited to considering only the bald statements of witnesses. In other words, you are not limited solely to what you see and hear. You are permitted to draw reasonable inferences based on your experience if reason and common sense lead you to draw particular conclusions from the evidence.

Counsel's statements and arguments are not evidence unless they are admissions or stipulations. When the attorneys for both parties agree that a particular fact exists, that is referred to as a "stipulation" and the jury must accept that stipulation as true.

INSTRUCTION NO. 5

At times during trial, I ruled on the attorneys' objections to admitting certain items into evidence. Questions relating to the admissibility of evidence are solely questions of law for me. You must not concern yourselves with the reasons for my rulings and do not draw any inferences from my rulings. Consider only the evidence admitted.

Some evidence is admitted for a limited purpose only. When I have instructed you that particular evidence is admitted for a limited purpose, you must consider that evidence only for that purpose and for no other.

Some of the exhibits may contain redactions. The portions of those exhibits have been redacted either because I have excluded the redacted portions from the evidence or because the parties have agreed that the redacted portions should not be admitted. You should disregard any redactions just as you would disregard any other evidence that I have excluded from the record.

INSTRUCTION NO. 6

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

INSTRUCTION NO. 7

Although you must consider all of the evidence, you are not required to accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness you should consider the witness' relationship to the party; any interest the witness may have in the outcome of the case; the witness' manner while testifying; the opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness' candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

When weighing conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail, and should keep in mind that innocent misrecollection – like failure to recall – is not uncommon.

In addition, while you must consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

INSTRUCTION NO. 8

You are to determine the weight and credit to give each witness' testimony. You have a right to use common knowledge and experience in evaluating witnesses' testimony.

A witness may be discredited or "impeached" by contradictory evidence, or by evidence that at some other time the witness has made an oral or written statement or testified in a deposition in a manner which is inconsistent with the witness' present testimony, if on a matter which is material to the issues.

You may consider such evidence only insofar as it may impact the witness' credibility – that is, only in deciding the weight and credit to be given to that witness' testimony.

If you believe that any witness has been so impeached, then it is your exclusive function to give the testimony of that witness such credibility or weight, if any, you think it deserves.

INSTRUCTION NO. 9

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

It is for you to decide whether a fact has been proved by circumstantial evidence. In making that decision, you must consider all the evidence in the light of reason, common sense, and experience.

INSTRUCTION NO. 10

Certain testimony has been given in this case by experts; that is, by persons who are specially qualified by experience or training and possess knowledge on matters not common to mankind in general. The law permits such persons to give their opinions regarding such matters. The testimony of experts is to be considered like any other testimony and is to be tried by the same tests, and should receive the same weight and credit as you deem it entitled to, when viewed in connection with all the other facts and circumstances, and its weight and value are questions for you.

INSTRUCTION NO. 11

The law to be applied in this case to Plaintiff's constitutional claim is the federal civil rights law, 42 U.S.C. § 1983, which provides a claim for individuals who have been deprived of their federal constitutional rights under color of state law.

The law to be applied to Plaintiff's negligence claim is Kansas state law.

INSTRUCTION NO. 12

*Excessive Use of Force (1st of 5 instructions)*

To establish an excessive use of force claim under § 1983, Plaintiff Ken Thomas has the burden to establish, by a preponderance of the evidence, each of the following three elements:

1. Defendants performed an act or acts which operated to deprive Plaintiff of his federal constitutional rights, as defined and explained in these instructions, by using excessive force against him during the course of arresting him;

2. Defendants acted under color of state law; and

3. Defendants' actions caused Plaintiff to suffer damages.

If you find that any of the elements of Plaintiff's excessive use of force claim under § 1983 has not been proved by a preponderance of the evidence for a particular Defendant, you must return a verdict for that Defendant. If you find that Plaintiff has proven all elements of his claim by a preponderance of the evidence for any particular Defendant, you must return a verdict for the Plaintiff against such Defendant(s).

The second element of Plaintiff's claim is that the respective Defendants acted under color of state law. The parties have stipulated that the second element of Plaintiff's claim is satisfied.

INSTRUCTION NO. 13

*Excessive Use of Force (2nd of 5 instructions)*

The first element of Plaintiff's claim is that one or more of the Defendants committed acts that deprived Plaintiff of his federal constitutional right to be free of excessive force used against him in the course of his arrest or detainment. Every person has the constitutional right not to be subjected to unreasonable or excessive force while being arrested by law enforcement officers, even if such arrest is otherwise proper. In making a lawful arrest, a law enforcement officer has the right to use such force as is necessary under the circumstances to effect and complete the arrest. Whether or not the force used in making an arrest was unreasonable is a question to be determined by you in light of all of the evidence received in the case.

You must determine the degree of force that a reasonable and prudent police officer would have applied in effecting the arrest under the circumstances shown from the evidence received in this case. In determining whether a particular Defendant used excessive force, you should consider the totality of the circumstances, including but not limited to such factors as:

1. The severity and nature of the crimes or offenses;
2. Whether the officers reasonably believed the subject posed an immediate threat;
3. Whether the officers reasonably believed that the suspect was resisting arrest or attempting to flee;
4. The need for the application of force;
5. The relationship between the need and the amount of force used;
6. The extent of the injury inflicted; and
7. Whether a reasonable officer on the scene without benefit of hindsight would have used that much force under similar circumstances.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with hindsight. The nature of reasonableness must allow for the fact that the officers are often forced to make split-second judgments—under circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation. Mere carelessness which causes injury is not sufficient to establish constitutionally excessive force.

This reasonableness inquiry is an objective one. The question is whether the particular Defendant's actions are objectively reasonable in light of the facts and circumstances confronting them at the scene. If the particular Defendant reasonably but mistakenly believed that Plaintiff posed an immediate threat, was actively resisting arrest and detention, or was attempting to evade arrest, and you find that the amount of force used was reasonable considering the particular Defendant's belief, that Defendant cannot be found liable.

INSTRUCTION NO. 14

*Excessive Use of Force (3rd of 5 instructions)*

The Fourth Amendment does not require a law enforcement officer or fire investigator to use the optimum amount or least amount of force necessary to effect an arrest. The Fourth Amendment only requires that law enforcement officers or fire investigators use an objectively reasonable degree of force in effecting an arrest. An officer can act reasonably without using the least amount of force necessary, so long as the amount of force used was not excessive.

INSTRUCTION NO. 15

*Excessive Use of Force (4th of 5 instructions)*

The third element of an excessive use of force claim under § 1983 that Plaintiff must prove is that the respective Defendants' actions caused the damages sustained by Plaintiff. Plaintiff must prove by a preponderance of the evidence that the particular Defendant's act or failure to act was a cause-in-fact in the damage Plaintiff sustained. An act or failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. Plaintiff must also prove by a preponderance of the evidence that the particular Defendant's act or failure to act was a proximate cause of the damage Plaintiff suffered. An act or omission is a proximate cause of Plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission. In other words, if the particular Defendant's act had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a cause.

INSTRUCTION NO. 16

*Excessive Use of Force (5th of 5 instructions)*

If you find for Plaintiff, you must determine Plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages mean the amount of money that will reasonably and fairly compensate Plaintiff for the deprivation of civil rights proximately caused by a particular Defendant. The damages you may consider are Plaintiff's losses for physical or emotional pain and mental anguish which Plaintiff has proved by a preponderance of the evidence were caused by Defendants' use of excessive force. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence.

Any damages award you make must have a reasonable basis in the evidence. It need not be mathematically exact, but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork. The burden is upon the Plaintiff to prove the existence and amount of damages and that these damages were caused by the acts of omissions of a particular Defendant. You are not permitted to award speculative damages.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

If you find for Plaintiff, but you find that Plaintiff has failed to prove actual damages, you must return an award of nominal damages not to exceed one dollar. The mere fact a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when actual damages do not flow from the deprivation.

You should not consider the fact that I have instructed you about the proper measure of damages as an indication of my views regarding your verdict in this case. That is entirely for you, the jury, to decide. I am giving you instructions about damages solely to provide you with guidance if you should find damages appropriate.

INSTRUCTION NO. 17

*Negligent Use of Force (1st of 5 instructions)*

Plaintiff has also brought a negligence claim against Defendants regarding the alleged use of unreasonable force. Under Kansas law, a law enforcement officer has a duty to use only reasonable force against an individual. He may not use unreasonable force. A violation of that duty is negligence. An officer is justified in the use of any force which such officer reasonably believes to be necessary to effect an arrest and of any force which such officer reasonably believes to be necessary to defend the officer's self or another from bodily harm while making the arrest.

In order to prove that any Defendant was at fault due to his negligent use of force, Plaintiff must prove each of the following elements:

First, that Defendant used force which was unreasonable against Plaintiff; and

Second, Plaintiff was injured as a result of force which was unreasonable.

In considering whether a Defendant used unreasonable force, you should consider the factors set forth in Instruction 13.

INSTRUCTION NO. 18

*Negligent Use of Force (2nd of 5 instructions)*

As a defense to Plaintiff's claim of negligent use of force, Defendants assert Plaintiff's own negligence. A person has a duty not to use any force to resist or to interfere with an arrest which he or she knows is being made by a law enforcement officer. This is true even if the person believes the arrest to be lawful. A person also has the duty to obey the orders of a law enforcement officer. A person has a duty not to interfere with firefighters. A violation of these duties is negligence.

To prove that Plaintiff was at fault because of his negligence, Defendants must prove each of the following elements by a preponderance of the evidence:

First, Plaintiff was negligent; and

Second, the negligence caused or contributed to cause injury to Plaintiff.

INSTRUCTION NO. 19

*Negligent Use of Force (3rd of 5 instructions)*

You must decide these claims by comparing the fault of the parties. In doing so, you will need to know the meaning of the terms "negligence" and "fault."

Negligence is the lack of reasonable care. It is the failure of a person to do something that a reasonable person would do, or it is doing something that a reasonable person would not do, under all of the same circumstances, then existing.

A party is at fault when he is negligent and that negligence caused or contributed to the event which brought about the claims for damages.

INSTRUCTION NO. 20

*Negligent Use of Force (4th of 5 instructions)*

You next must assign a percentage of fault to each person you have found to be at fault. It will be helpful for you to refer to the verdict form. The persons to whom you have the discretion to assign fault are:

Chris Dugan

Colin Gallagher

Joseph Evans

Ken Thomas

For a person NOT at fault, show 0% on your verdict form. For any person at fault, show 1% to 100% on your verdict form. If any persons are found at fault, the fault of all such persons, when added together on your verdict form, must total 100%.

The laws of Kansas applicable to this case require me to reduce the amount of damages you may award to plaintiff by any percentage of fault that you find attributable to him. Plaintiff will be entitled to recover damages if one or more Defendant(s) are found to be at fault and Plaintiff is found to be less than 50 percent at fault.

Do not reduce any damages you may award by the percentage of fault, if any, you assign to Plaintiff. I will make that adjustment.

INSTRUCTION NO. 21

*Negligent Use of Force (5th of 5 instructions)*

If you find for Plaintiff on his negligence claim, you should award damages which compensate him fully and fairly for each claim. You should not deduct or withhold any damages from Plaintiff's negligence claim because you believe they may be duplicative of damages awarded for Plaintiff's excessive use of force claim. I will make those deductions later, if necessary.

Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact, but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork. The burden is upon Plaintiff to prove the existence and amount of his damages and that his damages were caused by the act of Defendants. You are not permitted to award speculative damages.

You should not consider the fact that I have instructed you about the proper measure of damages as an indication of my views regarding which party is entitled to your verdict in this case. That is entirely for you, the jury, to decide. I am giving you instructions about damages solely to provide you with guidance if you should find in favor of Plaintiff.

INSTRUCTION NO. 22

In evaluating the elements of Plaintiff's claims, it is your duty to give separate consideration to the evidence as it pertains to each Defendant.

INSTRUCTION NO. 23

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life.

INSTRUCTION NO. 24

I have not intended in anything that I have said or done – not in these instructions, in any ruling, or in any action or remark I may have made during trial – to suggest how I would resolve any of the issues in this case.

You will now hear closing arguments from counsel. Because the Plaintiff has the burden of proof, he is entitled to split his argument time to go first and last. Following closing arguments, I will have a few remaining instructions to give you concerning your deliberations.

INSTRUCTION NO. 25

The Court has permitted you to take notes during this trial, if you wanted. If you did take notes, remember that any notes that you have taken are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. Your notes are not evidence.

If you did not take notes, you should not be influenced by the notes of other jurors but should rely on your independent recollection of the evidence. Even if you did take notes, you should not be unduly influenced by the notes of other jurors if they differ from yours. There can be a tendency to attach too much importance to what someone has written down, but notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony. Remember, something that may not have seemed important at the time, and thus was not written down in your notes, may take on greater importance later in the trial in light of all the evidence presented, the Court's instructions on the law, and the final arguments.

Therefore, don't attach undue importance to your notes, or be unduly influenced by another juror's notes. Your notes are not evidence, and are by no means a complete summary of the trial. They are only an aid to your memory, and it is your collective memory that is your greatest asset in deciding this case.

INSTRUCTION NO. 26

Your verdict must represent the considered judgment of each juror. In order to return a verdict, each juror must agree upon the verdict and your verdict must be unanimous.

As jurors, you have a duty to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violating your individual judgment. Each of you must decide the case for yourself, but do so only after considering the evidence impartially with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if you become convinced that it is wrong. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans. You are judges – judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

INSTRUCTION NO. 27

A suggestion by the Court – technically not an instruction upon the law – may assist your deliberations. The attitude of jurors at the outset of and during their deliberations is important. It is seldom productive for a juror, immediately upon entering the jury room, to make an emphatic expression of his or her opinion upon the case or to announce a determination to stand for a certain verdict. The reason is obvious: we are all human and it is difficult to recede from a position once definitely stated, even though later convinced it is unsound.

Jurors are selected for the purpose of doing justice. This presupposes and requires deliberation – counseling together in an effort to agree. Have in mind at all times, therefore, that you are a deliberative body, selected to function as judges of the facts in a controversy involving the substantial rights of the parties. You will make a definite contribution to efficient administration of justice when and if you arrive at a just and proper verdict under the evidence which has been admitted. No one can ask more and you will not be satisfied to do less.

INSTRUCTION NO. 28

When you retire to the jury room, you should first select one of you as the foreperson to preside over your deliberations, speak for the jury when in court, and sign the verdict.

The next thing you should do is read the Court's instructions. One of the purposes of the instructions is to guide your deliberations. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict is based, but for your verdict to be valid, you must follow the Court's instructions throughout your deliberations. Remember, you are judges of the facts, but you are bound by your oath to follow the law as stated in the instructions. Your verdict must be founded entirely upon the evidence admitted and the law that I have given to you in these instructions.

Your verdict must be unanimous. A form of verdict has been prepared for your convenience. Once you reach a unanimous verdict, the foreperson should complete the verdict form pursuant to its instructions, date and sign it, and then notify my clerk that you have reached a verdict. The foreperson will carry the completed verdict into the courtroom and, after we have returned to the courtroom, hand it to the clerk when instructed to do so.

INSTRUCTION NO. 29

If it becomes necessary during your deliberations to communicate with me, please reduce your message or question to writing and give the note to my clerk, who, in turn, will pass the note along to me. The note must be signed by your foreperson or by one or more of you. I will then respond as promptly as possible, either in writing, or by having you return to the courtroom so that I can address you orally. You should never, in any written note that you might send, or in any comments, state or specify your numerical division at any time, until you have reached a unanimous verdict.

During your deliberations, you must also not communicate with, or provide any information to, anyone about this case by any means. None of you should ever attempt to communicate with me about the merits of the case in any way other than by a signed writing. I will not communicate with any of you on any subject involving the merits of the case other than in writing, or orally here in open court.

March 16, 2015
Date

Eric F. Melgren
United States District Judge